IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHERYL R. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:14-cv-00528-MJR-DGW |
| | ) | |
| GRANITE CITY STATE BEAUTY AND | ) | |
| BARBER SUPPLY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY**
**(Discrimination Under the Americans With Disabilities Act )**

Now comes the Plaintiff, CHERYL R. BROWN, by her attorneys, CALLIS, PAPA, HALE & SZEWCZYK, P.C., and for her First Amended Complaint and Demand for Trial by Jury, against the Defendant, GRANITE CITY STATE BEAUTY AND BARBER SUPPLY, INC., states the following:

1. That at all times relevant hereto, Plaintiff has been and still is a resident of Granite City, Illinois.

2. That the Plaintiff brings this action for employment discrimination on the basis of actual and/or perceived disability under the provisions of the Americans With Disabilities Act, 42 U.S.C. § 12111, *et seq*.

3. That federal questions are involved herein and jurisdiction in This Court is proper pursuant to 28 U.S.C.A. § 1331 and 1343(a)(4) and 42 U.S.C.A. § 2000e-5.

4. That at all times relevant hereto, the Defendant has been and still is a business entity, the

exact nature of which is not known to the Plaintiff, doing business and engaged in the sale of various beauty supplies at 4180 Highway 162, Granite City, Madison County, Illinois 62040.

5. That at all times relevant hereto, the Plaintiff was employed by the Defendant at Defendant's business in Granite City, Illinois.

6. That at all times relevant hereto, the Defendant employed more than fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current and preceding calendar years at its business in Granite City, Illinois.

7. That in the year 2013, while employed by and working for the Defendant, Plaintiff began experiencing symptoms which included indigestion, heartburn, pain in the legs, back and stomach and stomach swelling which became progressively worse over time.

8. That on or about June 16, 2013, while on vacation from her job, Plaintiff experienced severe symptoms as described above; she doubled over and became incapacitated because of said symptoms.

9. That Plaintiff was subsequently diagnosed with a number of fibroids, some of which were the size of softballs, throughout her body, including, but not limited to, her intestines, uterus and ovaries.

10. That the physical impairment described above substantially limited the Plaintiff in virtually all major life activities and substantially limited the major bodily functions of Plaintiff's digestive, bowel, endocrine and reproductive systems.

11. That after receiving medical treatment for her disability as described above, as of August 14, 2013, Plaintiff was able to return to work, with or without reasonable accommodation,

and perform the essential elements of her job with the Defendant.

12. That the Defendant informed the Plaintiff at that time that Plaintiff would not be permitted to return to her full-time position and that only part-time work was available to her, beginning on or about August 26, 2013.

13. That the Defendant's offer of part-time employment was made in an attempt to discourage the Plaintiff from returning to work at all, the Defendant did not expect the Plaintiff to appear for work on or about August 26, 2013, or at any other time and the Defendant intended simply not to call the Plaintiff to work even on a part-time basis, so that the Defendant effectively and constructively terminated the Plaintiff from any job.

14. That Plaintiff attempted to return to work on or about August 26, 2013, in the part-time position proffered by the Defendant, but the Defendant disclosed to the Plaintiff its intention to terminate her from any position and Plaintiff was not called to return to work in any capacity after August 26, 2013.

14. That in terminating the Plaintiff from her full-time job and constructively terminating her from a part-time position, the Defendant discriminated against the Plaintiff because of her disability and/or perceived disability.

15. That as the direct and proximate result of Defendant's discriminatory conduct, Plaintiff was damaged, including the loss of wages and benefits, pain and suffering, inconvenience, embarrassment and mental anguish.

16. That Plaintiff timely filed a Charge of Discrimination, EEOC Charge Number 560-2013-02196, against the Defendant and on or about February 18, 2014, Plaintiff received, pursuant to the

provisions of 42 U.S.C.A. § 2000e-5(f)(1) and 29 C.F.R. § 1601.28, a Notice of Right to Sue, thereby meeting all conditions precedent to filing suit.

17. That true and correct copies of the Notice of Right to Sue and the Charge of Discrimination are attached hereto and incorporated herein as "Group Exhibit A."

WHEREFORE, the Plaintiff, Cheryl R. Brown, prays for judgment in her favor and against the Defendant, Granite City State Beauty and Barber Supply, Inc., in an amount which will fairly and reasonably compensate her for her liquidated damages, pecuniary loss, non-pecuniary loss and all other compensatory damages. Plaintiff further prays for punitive damages. Plaintiff further prays for back pay, front pay, reinstatement to the appropriate job and work shift, attorney fees, expert witness fees and all other expenses of litigation and any and all other equitable relief to which she is entitled. Plaintiff further prays for costs of court.

Respectfully Submitted,

By: /s Edward J. Szewczyk
Edward J. Szewczyk, No. 2791765
1326 Niedringhaus Avenue
P.O. Box 1326
Granite City, Illinois 62040
Telephone: (618) 452-1323
Facsimile: (618) 452-8024
E-mail: ejs@callislaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHERYL R. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:14-cv-00528-MJR-DGW |
| ) | |
| STATE BEAUTY SUPPLY, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2014, I electronically filed Plaintiff's First Amended Complaint and Demand for Trial by Jury, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    John L. Gilbert, Esquire
    Sandberg, Phoenix & von Gontard, P.C.
    101 West Vandalia Street
    Suite 300
    Edwardsville, Illinois 62025
    E-Mail: jgilbert@sandbergphoenix.com

Respectfully Submitted,

    /s/ Edward J. Szewczyk
    Edward J. Szewczyk, No. 2791765
    1326 Niedringhaus Avenue
    P.O. Box 1326
    Granite City, Illinois 62040
    Phone: (618) 452-1323
    Facsimile: (618) 452-8024
    E-mail: ejs@callislaw.com